**ALD-185**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1693
_____

STEVEN L.  KINLEY,
                                        Appellant

v.

SUPERIOR COURT OF NEW JERSEY;
ST. FRANCIS MEDICAL CENTER;
TRENTON ORTHOPEDIC GROUP

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 3-10-cv-06468)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 12, 2011
Before:  SCIRICA, HARDIMAN AND VANASKIE, Circuit Judges

(Opinion filed :  June 2, 2011)
_____

OPINION
_____

PER CURIAM

        Kinley, proceeding *pro se*, appeals an order of the District Court dismissing his

complaint pursuant to 28 U.S.C. § 1915(e)(2).  Because the appeal presents no substantial

question, we will summarily affirm.

Kinley has previously attempted to litigate his dispute over injuries he claims he sustained as a result of alleged medical malpractice. In <u>Kinley v. St. Francis Medical Center</u>, Civ. No. 3:08-cv-05496 (D.N.J. 2008), he brought a claim pursuant to the District Court's diversity jurisdiction, 28 U.S.C. § 1332, and sought damages under numerous state law theories. Because complete diversity of citizenship did not exist between the parties, the District Court dismissed his complaint. Kinley did not appeal.

In the instant action, Kinley again sought to litigate his dispute, this time invoking the District Court's federal question jurisdiction, 28 U.S.C. § 1331. He claimed that the Defendants violated his "constitutional right to due process" by dismissing his state medical malpractice claim for failing to file an affidavit of merit, denying him a court appointed attorney and an expert witness to perform a medical exam, and "keeping all the materials that [he has] that prove [his] case off the records until this day." Compl. 2, ECF No. 1. The District Court dismissed his complaint pursuant to its authority under 28 U.S.C. § 1915(e)(2).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions, <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir. 2003), and can affirm the District Court's order on any ground supported by the record. <u>See</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999). We may summarily affirm if the appeal presents no substantial question. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Dismissal under 28 U.S.C. § 1915(e) is proper if a complaint is frivolous or fails to state a claim upon which relief may be granted. To state a claim, a complaint must raise an allegation of sufficient factual matter which, if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Kinley's filings do not do so. He provides no support for his argument that the affidavit of merit requirement has been applied unconstitutionally, noting only that he "feels" that that requirement denies him his "constitutional right to due process." Compl. 2. Accordingly, the District Court was correct to dismiss the action.[1]

We are satisfied that amendment of Kinley's Complaint would have been futile, especially in light of the dismissal of his earlier attempt to bring this suit. The District Court therefore properly dismissed without leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

As the appeal presents no substantial question, we will summarily affirm the judgment below. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

---

[1] To the extent Kinley's complaint constituted an attempt to appeal the District Court's decision in his prior case, we agree with the District Court that Kinley should have filed an appeal from that decision instead.